No. 10,004.

SMITH v. PIERCY.

Decided March 6, 1922.

Action in damages for breach of contract.   Judgment for defendant.

*Affirmed.*

1.   ARBITRATION—*Bar to Action.*   An arbitration award made under authority of a duly executed agreement between the parties, bars a legal action involving the same matters.

2.   APPEAL AND ERROR—*New Issue.*   An issue not made by the pleadings may not properly be considered by the trial court, nor on review.

*Error to the District Court of Sedgwick County, Hon.*
*L. C. Stephenson, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. HALLIGAN, BEATTY & HALLIGAN, Messrs. ROLFSON & HENDRICKS, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS case arises over an award in arbitration, had for the purpose of settling a disagreement concerning the purchase and sale of land. After all of the testimony was in the court instructed a verdict for defendant, and judgment was rendered accordingly. This judgment is now here for review.

The agreement to arbitrate is as follows:

"In consideration of our signatures hereto, it is agreed as follows: Whereas, there was a certain contract issued by James Piercy to T. A. Smith, contracting for delivery Section 13-12-44. Deuel County, Nebraska, and whereas, James Piercy wishes to remove any interest T. A. Smith might have in and to said land, and whereas, T. A. Smith is willing to sell and quit claim to James Piercy all interest that he might have (if any) to James Piercy, at the sum fixed by arbitrator or arbitrators selected today, by James Piercy and T. A. Smith; if one arbitrator cannot be agreed as O. K. by both, each can select a man of his own choosing and they also are given authority to select the third arbitrator, and these are to meet at once with T. A. Smith and James Piercy and after gathering the facts each shall present, they to render a verdict, and each party hereto is bound by said verdict, James Piercy to pay whatever amount they state is right, in consideration for a quit claim deed from T. A. Smith of his interest only, as Deuel County records appear; and if there be a verdict T. A. Smith is also bound by their decision, and he is to take whatever they decide is right, whether much or little, or nothing, in consideration of immediately delivering a quit claim deed to his interests, if any, in section above described, at arbitrators order."

Under the above agreement arbitrators were duly selected, hearing was had, and plaintiff and defendant both appeared and testified personally and introduced other evidence. Upon the conclusion of the hearing the arbitrators rendered the following award:

"We do hereby find that the said T. A. Smith shall make and deliver to the said James Piercy a release of the above mentioned contract, said contract now appearing on file in the County Clerk's Records of Deuel County, Nebraska, and that the said James Piercy shall pay to the said T. A. Smith the sum of Two Hundred ($200.00) Dollars, and that the said James Piercy and T. A. Smith shall each pay to each of the arbitrators the sum of $5.00."

After the award Smith brought this action for damages in the sum of $12,600.00 on account of the alleged breach of the contract of purchase and sale on which the arbitration was based. The answer set up the arbitration agreement and the award made under it as a bar to the action. The replication admitted the execution by plaintiff of the arbitration agreement, and the award, but alleged that the award was not based upon testimony, that it was in violation of the rights of plaintiff, was unfair, was not the result of deliberation, and made solely to deprive plaintiff of his rights.

The replication was in the nature of a plea in confession and avoidance of the arbitration and award as a bar to the action. There was not the slightest attempt, however, to prove that the award was unfair, or that it was not based on testimony, or that it was the result of lack of deliberation, or made solely to deprive plaintiff of his rights. Indeed, the evidence is undisputed that both parties submitted such evidence as they desired to the arbitrators, and that the award was made by a unanimous decision.

The issues being thus made up by the pleadings and the plaintiff having failed to produce evidence to establish the allegations of his replication, the defendant moved for an instructed verdict and the court so directed. Following that motion plaintiff orally, and for the first time, suggested that the arbitration agreement did not authorize the arbitrators to consider the question of damages arising out of the alleged breach of contract. That question should have been raised either by demurrer or replication, but this was not done, and the question was not and is not therefore

properly before the court. There was no such issue. There is nothing in the record or pleadings suggesting this defense. However, the arbitration agreement, as we view it, shows conclusively that all matters arising out of and involved in the original contract of purchase and sale between the parties, including the question of damages, were properly before the arbitrators for adjustment, and were in fact and law settled by their findings. In fact the only question for arbitration was the one of damages. How could there have been any other? The judgment is affirmed.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.